Merrimack, }
Nov. 6, 1918. }

### FRANCIS E. KING v. BOSTON & MAINE RAILROAD.

Whether a certain posted notice to employees required them to protect their eyes by goggles was determined by construing the notice in connection with all the other relevant facts.

CASE, for personal injuries. Transferred from the October term, 1917, of the superior court by *Branch*, J., on the plaintiff's exception to a nonsuit. The plaintiff who was an employee of the defendants was struck in the eye by a metal chip while cutting rivets on top of an oil tank with a hand hammer and chisel. The facts are sufficiently stated in the opinion.

*Martin & Howe (Mr. Howe* orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway (Mr. Sulloway* orally), for the defendants.

YOUNG, J. The defendants contend it cannot be found that (1) they were in fault for not furnishing the plaintiff an air hammer; (2) the chip came from the hammer or chisel; or (3) the plaintiff was not guilty of contributory negligence.

1. The testimony of the expert is a sufficient answer to the defendants' first contention, for that is fairly capable of the construction that an air hammer is the proper tool to use when cutting rivets on top of an oil tank.

2. The plaintiff testified that the chip which struck him looked as though it came from either the hammer or the chisel. And there was other evidence tending to the same conclusion; that is, there was evidence tending to prove (1) that when an air hammer is used the rivet is the only source from which chips are liable to fly but when a

hand hammer is used they are as likely to fly from the hammer or chisel as from the rivet; (2) that there is no danger in either case in so far as chips from the rivet are concerned if the operator is properly protected; and (3) that the plaintiff was so protected at the time he was injured. It can be found from this evidence that the chip which injured the plaintiff came from either the hammer or the chisel.

3. The defendants base their third contention on the fact the plaintiff was not wearing goggles at the time he was injured.

The plaintiff was familiar with the following notice which was posted in the defendants' shop: "Protect your eyes. This shop has been supplied with goggles. Don't use the emery wheel without protecting your eyes; don't cut rivets or do any chipping without protecting yourself and the other fellows; don't use a tool that has become. dangerous."

If it is conceded that this notice standing alone would be a command to the defendants' employees to wear goggles when cutting rivets, and that an employee who disobeys his employers' lawful commands is guilty of negligence as a matter of law — a question as to which no opinion is intended to be expressed — it does not necessarily follow that the plaintiff cannot recover; for the question whether the defendants expected their employees to wear goggles when doing work of this kind is one of fact; and while the notice is relevant to, it is not conclusive of that issue, and must be considered in connection with all the other relevant facts. That is, in connection with the plaintiff's testimony that he had never been instructed to wear goggles and had never seen anyone wearing them while doing that kind of work in the year and a half he had worked in the defendants' shop; that goggles rather increase than diminish the danger incident to flying chips; and that there were not enough goggles for anything like all the men engaged in doing this kind of work. It can be found from this evidence either that the notice was not intended to apply to men engaged in cutting rivets or that it was a dead letter; and either finding is fatal to the defendants' contention.

*Exception sustained.*

All concurred.